# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| NICHOLAS EDWIN BARTYLLA,<br><br>Plaintiff,<br><br>v.<br><br>MN-D.O.C. COMMISSIONER OF CORRECTIONS PAUL SCHNELL; CENTURION MEDICAL SERVICES AND AFFILIATES; STEPHAN CRAANE, MD.; BRENT PLACKNER, P.A.; CAROL, JOAN WOLFF; LT. KANTOLA; and LT. OYE,<br><br>Defendants. | Case No. 25-CV-4495 (PAM/JFD)<br><br>**ORDER** |

**IT IS HEREBY ORDERED THAT:**

1. The application to proceed *in forma pauperis* of Plaintiff Nicholas Edwin Bartylla (Dkt. No. 2) is **GRANTED**.

2. The Clerk of Court is directed to send to the email account designated by the Minnesota Attorney General's Office: (1) a Notice of Electronic Filing notifying the State of Minnesota that this lawsuit has been filed and that *in forma pauperis* status has been granted; and (2) a copy of the operative pleading in this matter (Dkt. No. 1).

3. Within 30 days of this order's date, the Minnesota Attorney General's Office is directed to file a "Waiver of Service Executed" form with respect to the following defendants: Paul Schnell, Stephan Craane, Brent Placker, "Carol," Joan Wolff, "Lt. Kantola,"

and "Lt. Oye"; except that if any such defendant does not waive service, the Minnesota Attorney General's Office shall file a statement identifying those defendants for whom service of process is not being waived.

4. Mr. Bartylla must submit a properly completed Marshal Service Form (Form USM-285) for Defendant "Centurion Medical Services and Affiliates." If Mr. Bartylla does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court may recommend that this matter be dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to provide Marshal Service Forms to Mr. Bartylla.

5. After Mr. Bartylla returns the completed Marshal Service Forms, the Clerk of Court is directed to seek waivers of service from "Centurion Medical Services and Affiliates," consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

6. If a defendant identified in Paragraphs 4 and 5 who is subject to waiver of service under Rule 4(d) fails without good cause to sign and return a waiver of service within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

7. Mr. Bartylla must pay the unpaid balance ($333.14) of this action's statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Mr. Bartylla is confined.

Dated: December 18, 2025               *s/ John F. Docherty*
                                       JOHN F. DOCHERTY
                                       United States Magistrate Judge